IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| EMSL ANALYTICAL, INC. | : |
| *Plaintiff,* | : |
| | : CIVIL ACTION |
| v. | : |
| | : |
| TESTAMERICA ANALYTICAL TESTING CORPORATION, TESTAMERICA ENVIRONMENTAL SERVICES, LLC, TESTAMERICA ENVIRONMENTAL MICROBIOLOGY LABORATORY, INC., ENVIRONMENTAL MICROBIOLOGY LABORATORY, INC. AND ENVIRONMENTAL MICROBIOLOGY LABORATORIES, INC. | : No. 05-CV-5259 (RMB/JMB) |
| *Defendants.* | : |

## STIPULATION OF DISMISSAL

Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure and the terms of the Settlement Agreement and Mutual Release executed by and between the parties to the above-captioned action, Plaintiff EMSL Analytical, Inc. and Defendants TestAmerica Analytical Testing Corporation, TestAmerica Environmental Services, LLC, TestAmerica Environmental Microbiology Laboratory, Inc., Environmental Microbiology Laboratory, Inc., and Environment Microbiology Laboratories, Inc., by and through their undersigned counsel, hereby stipulate and agree to the entry of an Order of this Court dismissing this action and all proceedings thereunder with prejudice, with each party to bear its own fees and costs.

The parties further agree to the entry of an Order of this Court that the United States District Court for the District of New Jersey shall retain jurisdiction over this matter for purposes of enforcing the terms of the Settlement Agreement and Mutual Release, which is attached hereto

as Exhibit "A" and incorporated by reference herein, in the event of an allegation of its breach.

DILWORTH PAXSON LLP

BY: _____
Francis P. Maneri
James J. Rogers
John W. Goldschmidt, Jr.
Steven B. Goodman
Paola T. Kaczynski
3200 Mellon Bank Center
Philadelphia, PA 19103

*Counsel for Plaintiff*
EMSL Analytical, Inc.

AKIN GUMP STRAUSS HAUER & FELD LLP

BY: _____
Jason A. Snyderman
R. Brendan Fee
One Commerce Square
2005 Market Street-Suite 2200
Philadelphia, PA 19103-7013

BROWN & CONNERY LLP

BY: _____
Michael J. Vassalotti
360 Haddon Avenue
Westmont, NJ 08105

FLASTER/GREENBERG, P.C.

BY: _____
Jordan A. LaVine
1628 JFK Boulevard-15th Floor
Philadelphia, PA 19103

*Counsel for Defendants*
TestAmerica Analytical Testing Corporation,
TestAmerica Environmental Services, LLC,
TestAmerica Environmental Microbiology
Laboratory, Inc., Environmental
Microbiology Laboratory, Inc., and
Environment Microbiology Laboratories, Inc.

APPROVED and SO ORDERED by the Court on this 22 day of August, 2006.

_____
The Honorable Renee M. Bumb, U.S.D.J.

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## (CAMDEN VICINAGE)

| | |
|---|---|
| EMSL, ANALYTICAL, INC. | : |
| Plaintiff; | : |
| v. | : CIVIL ACTION |
| TESTAMERICA ANALYTICAL TESTING CORPORATION; TESTAMERICA ENVIRONMENTAL SERVICES, LLC; TESTAMERICA ENVIRONMENTAL MICROBIOLOGY LABORATORY, INC.; ENVIRONMENTAL MICROBIOLOGY LABORATORY, INC.; ENVIRONMENT MICROBIOLOGY LABORATORIES, INC. | : NO. 05-CV-5259 |
| Defendants. | : |

## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Mutual Release and Settlement Agreement (the "Settlement Agreement"), is hereby entered into by and between EMSL Analytical, Inc. (hereinafter "EMSL"), its past and present direct and indirect parent companies, subsidiaries, affiliates, divisions, members, managers, joint ventures, shareholders, officers, directors, employees, partners, agents, contractors, predecessors, successors, assigns, heirs, executors, administrators, trustees, auditors, attorneys, representatives and insurers and Test America Analytical Testing Corporation, Test America Environmental Services, LLC, Test America Environmental Microbiology Laboratory, Inc., Environmental Microbiology Laboratory, Inc. and Environmental Microbiology Laboratories, Inc. (hereinafter collectively referred to as "Environmental Microbiology Laboratory, Inc."), their past and present direct and indirect parent companies, subsidiaries, affiliates, divisions, members,

648039_1

managers, joint ventures, shareholders, officers, directors, employees, partners, agents, contractors, predecessors, successors, assigns, heirs, executors, administrators, trustees, auditors, attorneys, representatives and insurers. EMSL and Environmental Microbiology Laboratory, Inc. shall collectively be referred to herein as the "Settling Parties".

WHEREAS, on or about November 4, 2005, EMSL filed a complaint in the United States District Court for the District of New Jersey alleging that Environmental Microbiology Laboratory, Inc. was liable for trademark infringement pursuant to §§32, 34, and 35 of the Lanham Trademark Act, as amended, 15 U.S.C. §§1114, 1116, and 1117; unfair competition pursuant to §43(a)(1)(B) of the Lanham Trademark Act, as amended, 15 U.S.C. §1125(a)(1)(B); state and common law trademark infringement and unfair competition pursuant to N.J.S.A. §56:4-1; and state and common law trademark dilution pursuant to N.J.S.A. §56:3-13.20. This lawsuit captioned *EMSL Analytical, Inc. v. TestAmerica Analytical Testing Corporation, et al.*, Civil Action No. 05-CV-5259 (RBK), will herein after be referred to as the ("Litigation");

WHEREAS, on or about January 13, 2006, Environmental Microbiology Laboratory, Inc. filed an Answer with Affirmative Defenses and Counterclaim alleging that EMSL was liable for unfair competition under §43(a) of the Lanham Trademark Act as amended, 15 U.S.C. §1125(a);

WHEREAS, on or about December 30, 2005, EMSL filed a motion for a preliminary injunction on its claims and a preliminary injunction hearing was held on March 27-29, 2006;

WHEREAS, on April 4, 2006, the court entered an Order and opinion denying EMSL's motion for a preliminary injunction;

WHEREAS, Settling Parties now wish to amicably resolve the Litigation and all claims and counterclaims asserted and discharge any and all claims and counterclaims that were or could have been asserted against one another in the Litigation;

WHEREAS, the Settling Parties deny any and all liability for any claims and counterclaims asserted in the Litigation; and

NOW THEREFORE, in consideration of the mutual covenants and obligations expressed herein and for good and valuable consideration, the sufficiency of which is hereby acknowledged, and intending to be legally bound, the Settling Parties, each of whom is duly authorized to agree, hereby do, and otherwise agree to do as follows:

## TERMS

1. **Stipulation to Voluntarily Dismiss All Claims With Prejudice**: Within 10 days of the Settling Parties' execution of this Agreement, counsel for the Settling Parties will, pursuant to Federal Rule of Civil Procedure 41(a)(1)(ii), file a Stipulation of Dismissal in the District of New Jersey agreeing to dismiss all claims and counterclaims with prejudice. This Agreement will be attached as Exhibit "A" to the Stipulation of Dismissal and its terms shall be incorporated therein as if set forth in full.

2. **Environmental Microbiology Laboratory, Inc. Trademark Applications**: Within 10 days of the Settling Parties' execution of this Agreement, EMSL will withdraw the Notices of Opposition EMSL has filed against Environmental Microbiology Laboratory, Inc.'s pending trademark applications in the U.S. Patent and Trademark Office that are the subject of application Serial Nos. 78/520,765 and 78/457,437, and agrees not to challenge or interfere with any registrations that result from those pending applications that are the subject of application Serial Nos. 78/520,765 and 78/457,437. EMSL additionally agrees not to challenge or interfere with any registrations that result from Environmental Microbiology Laboratory Inc.'s pending applications that are the subject of application Serial Nos. 78/721,307 and 78/721,310 in the U.S. Patent and Trademark Office.

3

3. **EMSL Advertising:** EMSL agrees to immediately discontinue describing itself as the nation's "largest environmental testing firm" or having the "largest network of environmental testing laboratories in the nation" in its promotional and marketing materials, including at any web sites or web pages owned or controlled by EMSL and agrees not to make these or similar statements about its business to the extent such statements cannot be substantiated objectively.

4. **Trademark Usage**: EMSL agrees that it will not unlawfully use the term "EMLab", either alone or in combination with any other terms including, but not limited to: (i) as a metatag or in any other embedded form, in connection with its website or (ii) as a keyword or other search term in connection with an internet search engine, including but not limited to Google and Yahoo!. Environmental Microbiology Laboratory, Inc. agrees that it will not unlawfully use the term "EMSL", either alone or in combination with any other terms, including, but not limited to: (i) as a metatag or in any other embedded form, in connection with its website or (ii) as a keyword or other search term in connection with an internet search engine, including but not limited to Google and Yahoo!.

5. **Copyright Usage:** The Settling Parties agree not to unlawfully copy any materials from one another including but not limited to any print, electronic or other marketing or promotional materials that describe the scope of services offered or the indoor air quality testing industry generally. The Settling Parties further agree to immediately remove and/or discontinue use of any copied materials and agree to remove and/or discontinue use of any such materials later identified by the other within ten (10) days after being notified that they exist. To the extent one of the Settling Parties fails to remove and/or discontinue use of copied materials identified within ten (10) days following notice, the other party reserves its right to commence

4

legal action notwithstanding the general releases set forth in this Agreement. EMSL agrees to immediately remove from the "Amerospores" description appearing on its website any content which is substantially similar to the "Amerospores" description appearing on the EMLab website, and agrees not to use such content in any other marketing or promotional material. Nothing in this Paragraph 5 shall limit the Settling Parties' use of any material which (i) is original to the party using the material (ii) is in the public domain, or (iii) is otherwise lawfully used by such party.

## MUTUAL RELEASE OF ALL CLAIMS

1.  EMSL hereby covenants and agrees not to sue, acknowledges full and complete satisfaction of, and hereby releases and forever discharges Environmental Microbiology Laboratory, Inc. and its past and present direct and indirect parent companies, subsidiaries, affiliates, divisions, members, managers, joint ventures, shareholders, officers, directors, employees, partners, agents, contractors, predecessors, successors, assigns, heirs, executors, administrators, trustees, auditors, attorneys, representatives and insurers of and from any and all claims, demands, causes of action, obligations, agreements, damages, liabilities, losses, costs and expenses of any kind at law or equity, whether known or unknown, that EMSL now holds or has ever held against Environmental Microbiology Laboratory, Inc., which were or could have been asserted in the Litigation, including but not limited to: (i) any and all claims, demands or causes of action, related to the Litigation; (ii) any and all claims, demands or causes of action arising out of or in any way connected or similar to any transactions, occurrences, acts or omissions set forth or alleged in the Litigation.

2. Environmental Microbiology Laboratory, Inc. hereby covenants and agrees not to sue, acknowledges full and complete satisfaction of, and hereby releases and forever discharges EMSL and its past and present direct and indirect parent companies, subsidiaries, affiliates, divisions, members, managers, joint ventures, shareholders, officers, directors, employees, partners, agents, contractors, predecessors, successors, assigns, heirs, executors, administrators, trustees, auditors, attorneys, representatives and insurers of and from any and all claims, demands, causes of action, obligations, agreements, damages, liabilities, losses, costs and expenses of any kind at law or equity, whether known or unknown, that Environmental Microbiology Laboratory Inc. now holds or has ever held against EMSL, which were or could have been asserted in the Litigation, including but not limited to: (i) any and all claims, demands or causes of action, related to the Litigation; (ii) any and all claims, demands or causes of action arising out of or in any way connected or similar to any transactions, occurrences, acts or omissions set forth or alleged in the Litigation.

3. This Agreement shall be effective worldwide and will be binding upon and inure to the benefit of each of the Settling Parties and its respective parents, subsidiaries, successors, affiliates, and assigns.

## CONDITIONS

1. **No Admission of Liability:** This Agreement does not constitute or contain, and shall not be interpreted or construed to constitute or contain, any admission of liability or wrongdoing by any party.

2. **Attorneys' Fees and Costs:** The Settling Parties agree that the Litigation shall be dismissed with prejudice, and that each of the parties to this Agreement shall bear all of its

6

648039_1

own costs, expenses and legal fees incurred by it in connection with the Litigation and the drafting and execution of this Agreement.

3.  **Entire Agreement:** This Agreement represents the sole, only, entire and complete understanding between the parties hereto with regard to the matters set forth in the Agreement. There are no other oral or written representations, warranties, agreements, arrangements, or undertakings between the parties with regard to the matters set forth in this Agreement that are not fully expressed in this Agreement. All prior discussions and negotiations have been, and are, merged or integrated into, and are superceded by, this Agreement. The terms and conditions of this Agreement may not be modified, except in a writing signed by the Settling Parties.

4.  **Legal Counsel:** The Settling Parties hereto have read this Agreement, have had an opportunity to have this Agreement fully explained by counsel of their choice, and fully understand the words and terms used in this Agreement and their effect. Each party warrants that it has relied solely and exclusively on its own judgment and the advice of its own attorneys in entering into this Agreement, and that no representative or agent of the other has made any statement or representation to it beyond those in this Agreement that have induced signing of this Agreement.

5.  **Representations:** The Settling Parties represent and warrant that the individuals signing this Agreement are authorized and have full power, authority and legal right to do so and hereby waive any claim that the executing individuals are not so authorized. The Settling Parties represent and warrant: (i) that they are the sole owners of the claims and causes of action released in this Agreement and that they have not heretofore sold, transferred, conveyed or otherwise assigned any interest therein to any other person or entity; (ii) there are no other

7

648039_1

persons or entities who now have or may hereafter acquire the Settling Parties' rights to proceed against the other party on any of the claims and causes of action released in this Agreement; and (iii) they will not encourage, bring or support a claim or suit on behalf of themselves or anyone else related to the events or occurrences that are the subject of the Litigation. The Settling Parties further represent and warrant that they have the power and authority to execute, deliver and perform this Agreement.

6. **Miscellaneous**: If at any time any provision of this Agreement shall be held by any court of competent jurisdiction to be illegal, void or unenforceable, such provision shall be of no force and effect, but the illegality or unenforceability of such provision shall have no effect upon and shall not impair the enforceability of any other provision of this Agreement.

7. **No Drafting Presumption**: In resolving any dispute or construing any provision hereunder, no presumptions shall be made or inferences drawn because the attorneys for one of the parties drafted this Agreement, because of the drafting history of this Agreement, or because of the inclusion of a provision not contained in a prior draft or the deletion of a provision contained in a prior draft of this Agreement.

8. **Applicable Law and Enforcement**: This Agreement shall be governed by and interpreted under the laws of the state of New Jersey without regard to its principles of conflicts of law. The Settling Parties agree that the Honorable Robert Kugler of the United States District Court for the District of New Jersey shall retain jurisdiction over the Agreement and shall have the power to enforce any dispute arising out of or related to the Agreement. Accordingly, any claim arising out of or related to any breach or enforcement of this Agreement shall be brought in the United States District Court for the District of New Jersey and the Settling Parties hereby

consent to personal and subject matter jurisdiction in New Jersey in connection with any such action.

9. **Execution in Counterparts:** For the convenience of the Settling Parties hereto, this Agreement may be executed in any number of counterparts, each such counterpart being deemed to be an original instrument, and all such counterparts together shall constitute the same Agreement. The Agreement may also be executed with facsimile signatures which shall be treated as originals.

10. **Notice:** Any notice, demand, or other communication contemplated of any kind, permitted or required to be given under or pursuant to this Agreement by one party to the other shall be personally delivered or sent by a reputable overnight courier service, or by e-mail or telecopy with a confirmation copy sent by first class United States mail, postage prepaid, to the party entitled or required to receive the same at the address specified below or at such other address as may hereafter be designated in writing by any such party. Copies of any such Notices shall also be forwarded by the same means described above to counsel for the Settling Parties as identified on the Stipulation of Dismissal to which this Agreement is attached. Notices shall be effective upon receipt.

11. **Paragraph Headings:** Paragraph headings contained in this Agreement are inserted solely as reference aids for the ease and convenience of the reader; they shall not be deemed to define or limit the scope or substance of the provisions they introduce, nor shall they be used in construing the intent or effect of such provisions or any other aspect of this Agreement.

9

648039_1

IN WITNESS WHEREOF, the Settling Parties hereto, fully and intending to be legally bound, have executed this Agreement under seal personally or through their duly authorized representatives as of the dates set forth under their respective signatures.

PLAINTIFF:

EMSL Analytical, Inc.
107 Haddon Avenue
Westmont, New Jersey 08108

_____
ROBERT DE MALO

DEFENDANTS:

Environmental Microbiology Laboratory, Inc., *et al.*
1150 Bayhill Drive, Ste. 100
San Bruno, CA 94066

_____
DAVID BELL

10

648039_1